<u>NOT FOR PUBLICATION</u>

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-334

PATRICIA REDD WARNER

VERSUS

SHELTER MUTUAL INSURANCE CO., ET AL.

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 240014-G
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Malcolm X. Larvadain
626 Eighth Street
Alexandria, LA  71301
(318) 445-3533
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Patricia Redd Warner

David A. Hughes
Hughes Law Firm
809 Johnston Street
P.O. Box 1831
Alexandria, LA  71309-1831
(318) 443-4090
**ATTORNEY FOR DEFENDANTS/APPELLEES**
    Shelter Mutual Ins. Co. and Katharine Roy

**COOKS, Judge.**

Plaintiff-appellant, Patricia Redd Warner, appeals as insufficient the trial court's award of $25,000.00 in general damages for the injuries she suffered in a motor vehicle accident. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On November 19, 2008, during the noon hour, Patricia Redd Warner was operating her 1990 Honda Accord in an easterly direction on Jackson Street in Alexandria, Louisiana. At that time, Katherine Roy was driving her 2003 Mazda 626 on Jackson Street in a westerly direction. Jackson Street is a four lane road.

Ms. Warner maintained as she was traveling in the outside eastbound lane, traffic was stopped in the inside eastbound lane with seven or eight cars backed up waiting for a vehicle to turn left. As she passed by these vehicles, Ms. Warner stated she saw a red car move quickly in front of her. She stated she immediately applied her brakes but could not avoid striking the red vehicle. This red vehicle was the Mazda 626 driven by Ms. Roy.

Ms. Roy testified she was traveling in the inside, left lane of Jackson Street going west. Ms. Roy was planning to turn left across the eastbound lanes of Jackson Street to enter the Southern Heritage Bank parking lot. With traffic in the eastbound inside lane stopped, Ms. Roy believed it was safe for her to execute the left turn. Just as she was entering the parking lot, she was struck by the vehicle driven by Ms. Warner. Ms. Roy stated she did not see any vehicle in the east outside lane, and did not see any vehicle while she was turning.

Ms. Warner stated, upon impact, her knees hit the dashboard, her shoulder hit the steering wheel, and she felt her back crack. She was in immediate pain, and was transported by ambulance from the scene to Cabrini Hospital. Ms. Warner testified she waited for a substantial period of time after arriving at the hospital, so

she called her daughter to bring her to her personal physician, Dr. Bruce Craig. She was later sent by her attorney for treatment with Dr. Robert Rush from December 2008 through February 2009. Ms. Warner underwent physical therapy beginning in December 2008 through July 2009.

Ms. Warner filed this personal injury claim against Ms. Roy and her insurer, Shelter Mutual Insurance Company (Shelter). The parties underwent a bench trial on the issues of liability and damages.

After a bench trial, the court rendered judgment finding Ms. Roy solely at fault in causing the accident. This finding has not been appealed by Shelter and Ms. Roy. The trial court also found Ms. Warner met her burden of proving she sustained injuries to her knees as a result of the accident. The trial court awarded $25,000.00 in general damages to Ms. Warner. In reaching this award, the trial court noted, while alleging she suffered injuries to her back, shoulder and knees, Ms. Warner only sought to recover damages related to her knee injuries. Therefore, the trial court only considered the evidence relating to Ms. Warner's knee injuries. The trial court also found Ms. Warner had proven entitlement to $1,520.73 in special damages. Ms. Warner has appealed, contending the trial court erred in "only awarding" her $25,000.00 in general damages for the injuries sustained to her knees. Ms. Warner also asserted the trial court was clearly wrong in "not awarding general damages for injuries sustained to [her] back areas."

## ANALYSIS

"General damages are those which may not be fixed with pecuniary exactitude; instead, they 'involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.'" *Duncan v. Kansas City S. Ry. Co.*, 00-66, p. 13 (La.10/30/00), 773 So.2d

670, 682, *cert. dismissed*, 532 U.S. 992, 121 S.Ct. 1651 (2001) (quoting *Keeth v. Dept. of Pub. Safety & Transp.*, 618 So.2d 1154, 1160 (La.App. 2 Cir.1993)). In determining if an award of general damages is excessive, the Louisiana Supreme Court in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), stated that "the discretion vested in the trier of fact is 'great,' and even vast, so that an appellate court should rarely disturb an award of general damages." Under *Youn*, "[t]he initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." *Id.* at 1260. Only after the initial inquiry is answered in the affirmative should the appellate court increase or reduce the award. *Id.*

The primary medical information in this case was contained in the deposition testimony of Dr. Craig, who had been Ms. Warner's treating physician for years. Dr. Craig testified he saw her on the date of the subject accident. After examining Ms. Warner, Dr. Craig diagnosed her with a "lumbrosacral sprain and spasm." He noted she also had other problems (diabetes, ring worm and allergic sinus disease) that did not relate to the accident. That day she was prescribed medications for her lower back pain.

Dr. Craig testified in April of 2009 he referred Ms. Warner to Miller Physical Therapy. However, he noted she was discharged by Miller Physical Therapy because she had "reached maximum medical benefit for what [physical therapy] could do" and she did not attend sessions "with any regularity." On her August 21, 2009 visit, Dr. Craig gave Ms. Warner steroid injections in both knees to alleviate her pain. On the October 23, 2009 visit Dr. Craig noted Ms. Warner was still complaining of knee pain, but she stated it was "somewhat bearable." On March

3

12, 2010, Ms. Warner complained of pain in both knees, left sided back pain, asthma and anxiety. She also complained of pain in her feet and requested a referral to a foot doctor. Dr. Craig did not believe the foot pain was related to the accident.

Dr. Craig also saw Ms. Warner on March 26, 2010, wherein she related she was in "another automobile accident and that she went to Rapides General in the ambulance." She complained of left side back pain and neck pain. Dr. Craig ordered x-rays of her lumbar spine which revealed mild degenerative arthritic changes of her lumbar spine and osteoarthritis of her cervical spine with some spasm.

On August 25, 2010, due to her continued complaints concerning her knees, Dr. Craig ordered x-rays. They revealed no fractures or distention in the knees, but did reveal some osteoarthritis in the left knee. Dr. Craig noted on Ms. Warner's September 29, 2010 visit she did not complain of any knee pain, but on November 8, 2010 she related that both knees and her lower back were causing her pain. On November 19, 2010, Dr. Craig's notes show Ms. Warner complained of knee and leg pain. She received another steroid injection in her knees. On February 21, 2011, Ms. Warner saw Dr. Craig with a big bruise on her left knee. She requested a steroid injection for her knees, which Dr. Craig performed. Her last visit to Dr. Craig prior to his deposition occurred on May 16, 2011, where she received another steroid injection in her knees.

Dr. Craig testified that Ms. Warner has arthritis in her knee and that the accident aggravated this pre-existing condition. He was treating her knees by administering two steroid shots in each knee. This procedure was performed by Dr. Craig on seven occasions beginning in August 2009. Ms. Warner testified the shots are needed on a more frequent basis as the effect of the shots lessens. Ms.

4

Warner is also taking several prescription medications to help treat her knees. Dr. Craig noted Ms. Warner had preexisting arthritis in her back and knees, which he concluded "was certainly not helped by the accident."

The trial court in his reasons for judgment specifically referenced Ms. Warner's inconsistent complaints and sporadic attendance during her period of physical therapy following the accident in question. The following comment was made by Miller Physical Therapy in its recommendation that Ms. Warner no longer undergo physical therapy: "Discharge of active treatment is recommended, patient's symptoms fluctuate in location and type without any consistency making treatment ineffective." Ms. Warner stated her diabetic condition was responsible for her frequent absences from physical therapy. She did not explain the reference to her inconsistency in regard to location of her pain.

After a thorough review of the record, we cannot say the trial court abused the vast discretion it is accorded in awarding $25,000 in general damages for the injuries Ms. Warner suffered to her knees.

Ms. Warner also complains the trial court erred in not awarding any general damages for the injuries she sustained to her back. In his deposition testimony, Dr. Craig noted that Ms. Warner has been on prescription medication for lower back pain since 1987, and was diagnosed with chronic back pain prior to the accident. Ms. Warner acknowledged her back problems were a contributing factor in her filing for Social Security Disability in 1995. Considering the testimony of Dr. Craig concerning Ms. Warner's past medical difficulties with her back, the previous diagnosis of chronic back pain prior to the accident in question, the occurrence of other automobile accidents both before and after the accident in question, we cannot say the trial court abused its discretion in not awarding damages for Ms. Warner's complaints of back pain.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed.  Costs of this appeal are assessed to plaintiff-appellant, Patricia Redd Warner.

**AFFIRMED.**